IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAROLYN BABIARZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 16-916-LPS |
| | : | |
| RITA LANDGRAF, et al., | : | |
| | : | |
| Defendants. | : | |

Carolyn Babiarz, Wilmington, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

September 8, 2017
Wilmington, Delaware

[signature]

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Carolyn Babiarz ("Plaintiff") filed this civil rights action on October 7, 2016.[1] (D.I. 1) She appears *pro se* and has paid the filing fee. Pending is Defendants' motion to dismiss (D.I. 8) and letter/motion to dismiss for failure to prosecute. (D.I. 9) Plaintiff did not respond to either motion. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court will grant the letter/motion to dismiss for failure to prosecute.

## II. BACKGROUND

As noted, Plaintiff commenced this action in October 2016. On January 23, 2017, Defendants filed a motion to dismiss on the grounds of: (1) Eleventh Amendment immunity from suit; (2) there is not respondeat superior liability under 42 U.S.C. § 1983; (3) to the extent Plaintiff asserts Title VII claims, such claims cannot be maintained against individuals; (4) any civil rights claims are time-barred; and (5) the complaint fails to state a plausible claim for relief. (*See* D.I. 8) When Plaintiff had not responded to the motion by June 1, 2017, Defendants filed a letter/motion to dismiss for failure to prosecute. (*See* D.I. 9) As with the motion to dismiss, Plaintiff did not respond to the letter/motion for failure to prosecute. On June 19, 2017, Plaintiff filed a request for counsel with an exhibit, but still did not respond to Defendants' letter/motion to dismiss for failure to prosecute.[2] (*See* D.I. 10, 11)

---

[1]Plaintiff does not indicate under which statute she proceeds, but it appears she brings this case pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Pursuant to 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any personal unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff has paid the filing fee and has not sought *in forma pauperis* status. Therefore, she does not qualify for counsel

1

## III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Under Local Rule 41.1, in a case pending wherein no action has been taken for a period of three months, upon application of any party, and after reasonable notice and opportunity to be heard, the Court may enter an order dismissing the case unless good reason for the inaction is given. *See* D. Del. LR 41.1.

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

## IV. DISCUSSION

Defendants move for dismissal based upon Plaintiff's failure to prosecute her case. The Court notes that Defendants mailed the January 23, 2017 motion to dismiss (D.I. 8) to the address

---

under § 1915.

2

provided by Plaintiff. To date, Plaintiff has not filed a response to the motion. Nor has Plaintiff filed response to Defendants' June 1, 2017 letter/motion to dismiss for failure to prosecute. (D.I. 9) It, too, was mailed to the address provided by Plaintiff. Instead, Plaintiff recently filed a request for counsel.

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff' case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting her claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to take any action hinders Defendants' ability to defend this case.[3]

As to the third factor, the docket indicates a history of dilatoriness. As noted, Plaintiff has failed to respond to motions to dismiss her case and, until the recently-filed request for counsel, had taken no action since January 17, 2017. As to the fourth factor, the facts to date lead to a conclusion that Plaintiff' failure to prosecute her claim against Defendants is willful or in bad faith. Only Plaintiff can take steps to prosecute the case.

As to the fifth factor, the Court could impose sanctions precluding Plaintiff from presenting evidence at trial, granting summary judgment in favor of State Defendants, or forbidding Plaintiff from pursuing discovery, all of which would have the same effect as dismissal, or a monetary sanction could be imposed. As to the sixth factor, the merits of the claim, a review of the law and facts indicate that Defendants' motion to dismiss, filed January 23, 2017, is well-taken and that

---

[3]Defendants indicate there has been no compliance with 10 Del. C. § 3103 and do not concede that service has been effected or that the Court has personal jurisdiction over them.

dismissal is appropriate on the grounds raised in the motion. Accordingly, the Court finds the *Poulis* factors weigh in favor of dismissal.

## V.  CONCLUSION

The Court will grant Defendants' letter/motion to dismiss for failure to prosecute (D.I. 9) and will deny as moot Defendants' motion to dismiss (D.I. 8) and Plaintiff's request for counsel (D.I. 10).

An appropriate Order will be entered.

4

